Avery, J.
Without the aid of the deposition of Harding in the original case, the testimony would not have been sufficient to prove in the other defendants, against their denial under oath, a knowledge of the complainant’s claim for the purchase money; and of course, had the deposition been excluded by the court at the hearing, no decree in the case could have been given for the complainant.
*43 The two defendants, Messenger and Maholm, 'objected to the deposition when it was taken, on the ground of interest in the witness ; and insisted, for the same cause, upon the trial, that it should be excluded from the consideration of the court.
If Harding had an interest to testify in favor of the complainant, then it was error in the court to receive his deposition, and use it as evidence at .the hearing. The object of the bill was to enforce a vendor’s lien upon the land. It had been sold by the complainant, and conveyed by deed to Harding, one of the defendants. Harding had mortgaged it to Messenger, another defendant, who instituted proceedings upon his mortgage, bought in the land at a public sale, under the decree, and thereby satisfied the mortgage debt. Afterwards, Messenger sold the land to Maholm, the other defendant. All this time there remained due from Harding, to the complainant, a considerable part of the purchase money, amounting, as found by the court at the time of rendering the decree in the present case, to $950.54. Now it is very obvious from this statement of the case, that Harding had an interest that would dis- ■ qualify him, unless it was balanced or overcome by some other interest. But here the proof does not show a contract on the part of Harding, by which he could be made liable to the defendants for neglecting to remove the incumbrance; nor from the state of case does it appear that a legal liability could rest upon Harding to answer to the defendants, upon their paying Harding’s debt to the complainant, or upon their suffering the premises to be sold for the payment of it, nor is it shown that in any other manner the interest is removed.
Harding’s interest, then, as against his co-defendants, for aught that appears, existed at the time when he gave his deposition, and at the time of Ihe trial; it ought, therefore, to have excluded his deposition — and because it was not so excluded, the decree of the court is reversed.